MoCALEB, Justice.
This is a suit to establish title, instituted under authority of LSA-R.S. 13:5062 (formerly Act No. 38 of 1908), in which plaintiff is asserting ownership of the eastern 10 acres of Lot 12 of Section 5 in Township 10 S., Range 9 E., of the Southwestern Land District of Louisiana, located in the Parish of St. Martin. The defendants are Choctaw Towing Corporation, claimant to ownership of all of Lot 12 which contains 59.48 acres, its mineral lessee, The Texas Company of Delaware, and Wirth B. Andrews, Ralph A. Bristol and George G. Walker, who hold overriding royalty interests under the lease.
Plaintiff avers that his title emanates from the original patentee of the land, *476 Francois Verret, who, on November 5th, I860; made private cash entry for 144.57 acres of swamp land in the Southwestern Land District which allegedly included Lot 12 of Section 5, T. IOS., R. 9E., but which was described at Lot 12 of Section 4 of said township and range. Upon payment, the State issued patent No. 9340 to Verret for the 144.57 acres, which patent plaintiff contends erroneously designated Lot 12 as being in Section 4 instead of Section 5.
On August 8th, 1931, plaintiff purchased at tax sale Lot 12 of Section 4, T. IOS., R. 9E., which was sold in the name of unknown owners for the unpaid taxes for the year 1930. On September 5th, 1935, the State of Louisiana issued in favor of Francois Verret and his heirs Patent No. 12,698 in correction of its original Patent No. 9340. In this.corrective patent, it is stated that Francois Verret purchased on November 6th, 1860 Lot 12 of Section 5 in T. IOS., R. 9E., together with other land comprising a total of 144.57 acres. Within a few days after the issuance of this patent (on September 21st, 1935), plaintiff entered into an agreement of compromise with the heirs of Francois Verret in which he conveyed to them 49.48 acres lying in the western part of Section 4 and retained for himself ten acres in the eastern part. The consideration for this act is stated to be the avoidance of a lawsuit against plaintiff by the Verret heirs, who were claiming that plaintiff’s tax title was null and void.
The title of defendant, Choctaw Towing Corporation, stems from a transfer dated June 27th, 1902 by the State of Louisiana to the Atchafalaya Basin Levee District in which the State conveyed a large quantity of vacant state property situated in St. Martin Parish. Included in the list of lands was an “Island in SE^ Sec. 5, being Lot 12 of Sec. 5, T. IOS. R. 9E”. '
On July 30th, 1902, Board of Commissioners of the Atchafalaya Basin Levee District quitclaimed these lands, including the island designated as Lot 12 of Section 5, to J. M. Dresser and, on July 15th, 1903,. Dresser conveyed the same property to> South Louisiana Land Co. Ltd. On November 23rd, 1902, South Louisiana Land Co-. Ltd. sold a large quantity of land to Schwing Lumber & Shingle Company, including the island in the SE% of Section 5, which was again described as being Lot 12' of Section 5, T. IOS., R. 9E. On July 1st,, 1943, Schwing Lumber & Shingle Company conveyed property to defendant, Choctaw-Towing Corporation. This transfer included Lot 12 of Section 5, T. IOS., R. 9E., containing 59.48 acres.
The case was tried below on documentary-evidence offered in support of. the adverse-claims and the trial judge, after a review-of the respective muniments of title, decided that there was basically no conflict of ownership; that plaintiff, as successor of Verret and his heirs, is the lawful owner of the ten acres lying in the eastern part of Lot 12 of Section 5, and that defendant, Choctaw Towing Corporation, had acquired' an island in the SE}4 of Section.5 which *478 had been erroneously designated throughout its chain of title as Lot No. 12 of Section 5. In reaching this conclusion, the judge reasoned that, since the original survey of Township 10S., Range 9E. of the Southwestern Land District discloses that Section 4 does not contain a Lot 12 ¡but that there is a Lot 12 in the adjoining Section 5 [1] and also an island of undertermined acreage in the SE14 of Section 5, it is evident that the original alienations from the State to Verret, on the one hand, and to Atchafalaya Basin Levee District, on the other, contained erroneous descriptions; that, this being so, Verret actually purchased Lot 12 of Section 5, as recognized by the State in its corrective patent issued in 1935 and that Atchafalaya Basin Levee District and its grantees acquired the island which had been erroneously described as Lot 12 of Section 5. In accordance with these views, judgment was entered in plaintiff’s favor as prayed for. Choctaw Towing Corporation has appealed.
Appellant initially contends that it has possession of the property and that therefore plaintiff is relegated to a petitory action (asserted by plaintiff in the alternative) in which he carries the burden of proof.
We think it immaterial to determine whether or not appellant is in possession of the disputed land because the rule respecting the burden of proof in petitory actions applies with equal force in actions to establish title brought under LSA-R.S. 13:5062. See Dugas v. Powell, 197 La. 409, 1 So.2d 677. Hence, plaintiff must recover on the strength of his own title and not on the weakness of that of his adversary. Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225 and authorities there cited.
An examination of the record in this case satisfies us that plaintiff has not exhibited a valid title in himself to the property in controversy. And this consequence follows, we think, even if it be admitted for sake of discussion that the trial judge correctly found that the heirs of Francois Verret are vested with a merchantable title to Lot No. 12 of Section 5.
As above shown, plaintiff's claim originates from a tax deed dated August 8th, 1931 revealing that he purchased Lot 12 of Section 4, T. IOS., R. 9E., which was sold under an assessment in the name of “Unknown owners” for the unpaid taxes for the year 1930. It is obvious that plaintiff acquired no land whatever by this tax deed because there is not a Lot 12 of Section 4, T. IOS., R. 9E.
Hence, since plaintiff did not obtain any land under the tax deed, the question arises *480 whether his title to the property in controversy is derived from any other source. The trial judge, in dealing with this issue, found that plaintiff’s title was good, being of the opinion that it stemmed from a grant by the heirs of the tax debtor (presumably Francois Verret) and not from the tax sale. In support of this conclusion, the judge cited the: agreement of compromise of September 21st, 1935 between plaintiff and the Verret heirs.
This resolution cannot be sustained. As we have stated above, the agreement of compromise between plaintiff and the heirs of Francois Verret discloses that the former conveyed to the latter 49.48 acres located in the western part of Lot 12 of Section 4 and retained for himself the eastern ten acres, the consideration being the avoidance of a lawsuit against plaintiff by the heirs to have his tax title declared null. Manifestly, since we hold that plaintiff had not obtained land under the void tax sale, he was unable to transfer any property to the heirs of Verret, nor did he acquire the ten acres which he did not own by retaining them in the ágreement of compromise. In fact, nowhere in this agreement do the heirs of Verret transfer to plaintiff any right, title or interest that they had or might have had in Lot 12 of Section 4 or, for that matter, in Lot 12 of Section 5, conceding, for purposes of this decision, that they had a good title to the latter. The most that can be said respecting the compromise is that it is valid as between the parties and those in privity with them and that each became estopped from contesting the title of the other as the heirs of Verret recognized the title of plaintiff to ten acres in the eastern portion of Lot 12 of Section 4 and plaintiff acknowledged the heirs’ title to the balance of the lot. But these mutual concessions do not change the source of plaintiff’s title or enhance its validity as to third persons for' it is not, and cannot rightly be considered, a conveyance by the heirs of any property rights which they might have acquired through inheritance.
The judgment appealed from is reversed and plaintiff’s suit is dismissed at his costs.

. The judge also accorded much weight to an undated entry on the official Check Plats kept by the Register of the State Land Office, in conformity with LSA-R.S. 41:6, indicating that Lot 12 of Section 5, T. IOS., R. 9E., had been patented to E. Verret.